ELECTRONICALLY FILED
2021 Nov 24 PM 2:33
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2021-MV-000354

In the District Court of Wyandotte County, Kansas
Civil Division

In the Matter of the Contest of General Election held November 2, 2021 for the purpose of electing a Wyandotte County Sheriff, Mayor, School Board Members, Commissioners, BPU Member, KCKCC Board of Trustee Members, from the County of Wyandotte County, Kansas and Kansas City, Kansas

| | | |
|---|---|---|
| Celisha Towers | ) | |
| | ) | |
| Contestant, | ) | |
| | ) | |
| v. | ) | Case No. 21 MV 0354 |
| | ) | |
| Daniel Soptic, | ) | |
| Gayle Townsend, | ) | |
| Mary Gonzales, | ) | |
| Tom Burroughs, | ) | |
| | ) | |
| Contestees. | ) | |

# Motion to Intervene

Election Commissioner Michael Abbott requests leave of the court to intervene in this matter. In support of this request, Mr. Abbott states as follows:

1. Michael Abbott is the duly appointed Election Commissioner for Wyandotte County, Kansas.

2. On November 2, 2021, Mr. Abbott exercised his authority over the supervision, conduct, and control of the county's general election.

3. On November 15, 2021, the Wyandotte County Board of Canvassers completed the final canvass of general election returns, certifying the following vote totals:

- For sheriff: Daniel Soptic: 9,471; Celisha Towers 6,881; write-in totals 52
- For Unified Government Commissioner for District 1: Gayle Townsend 970; Melvin Williams 814; write-in totals 6
- For BPU Member At-Large Position 1: Mary Gonzales 8,752; Gwendolyn Bass 5,251; write-in totals 94
- For Unified Government Commissioner At-Large District 2: Tom Burroughs 7,857; Claudine Sanders 7,460; write-in totals 92.

4. On November 19, 2021, Mr. Abbott issued certificates of election to Mr. Soptic, Ms. Townsend, Ms. Gonzales, and Mr. Burroughs, declaring them the winners in their races.

5. That same day, Ms. Towers filed her Notice of Contest of Election under K.S.A. 25-1434 *et seq*.

6. In her Notice of Contest, Ms. Towers alleges misconduct by various election officials, including Mr. Abbott, the Board of Canvassers, and members of the special election boards. Ms. Towers's allegations include the following:

- Election officials told the special board of canvassers that they could not leave their posts while canvassing "until they came up with a set number of votes," thereby impacting the number of votes Ms. Towers

received in the race for sheriff; there were power outages at four polling locations on election day, which required registered voters to vote by provisional ballot; and that during the November 15 canvass, "ballots for all races remained out of view of the public and in a separate room . . ." Notice of Contest at 4-5 (¶ 8).

- The Board of Canvassers "erroneously returned and declared" winning results for Mr. Soptic, Ms. Townsend, Ms. Gonzales, and Mr. Burroughs. *Id.* at 5-6 (¶ 9).
- There were errors, mistakes, and irregularities in both the vote count and the canvass, including "a material and significant number of ballots" that were improperly rejected by Mr. Abbott or not counted by election officials, while other votes were erroneously and wrongfully included in vote totals. *Id.* at 6-10, (¶¶ 10-15, 18, & 21).
- Various election officials failed to discharge their statutory duties. *Id.* at 9 (¶ 16).
- Election officials "may have committed Voting machine fraud under K.S.A. 25-2425 . . ." *Id.* at 9 (¶ 17).
- Mr. Abbott engaged in misconduct, and other election officials were grossly neglectful under K.S.A. 25-2419. *Id.* at (¶ 19).
- Mr. Abbott, the Board of Canvassers, the special election boards, and other election officials committed the crime of election fraud under K.S.A. 25-2420. *Id.* at 10 (¶ 20).

7. Based on these allegations, Ms. Towers asks the court to immediately revoke the certificates of election issued to Mr. Soptic, Ms. Townsend, Ms. Gonzales, and Mr. Burroughs; to select a three judge panel to hear the contest; to establish procedures for appointment of inspectors; to require and permit the inspectors to inspect all ballots and "election materials" that the parties desire to be inspected; to order a recount of ballots in precincts identified by her (apparently all precincts in the county); to reject ballots that were not lawfully cast; to amend vote totals certified by the Board of Canvassers to reflect the true and correct number of ballots cast; to declare that she is entitled to the Certification of Election as Sheriff of Wyandotte County; to award her reasonable attorney fees and costs; to order that Mr. Abbott forfeit his office; and to order the prosecution of election crimes. *Id.* at 11-13 (¶ 26).

8. K.S.A. 19-3423 provides that the election commissioner "shall have full and complete power and authority over all elections in the county and shall see that such elections are conducted according to law."

9. Under K.S.A. 25-1445, any person may intervene in a contest of election upon application showing "facts sufficient to show an interest in the contest not in common with the contestant or contestee" and a particularized basis of such interest.

10. "Public policy requires courts to uphold the validity and declared results of elections which have been properly and fairly conducted or which do not clearly appear to have been illegal. The courts should go to extreme lengths to

preserve the validity of all elections, and be slow and reluctant to override the clear intent and purpose of the electorate. An election should not be declared a nullity if on any reasonable basis such a result can be avoided." *Lambeth v. Levens*, 237 Kan. 614, 621, 702 P.2d 320, 326 (1985).

11. Mr. Abbott seeks to intervene in this matter to demonstrate that he discharged his duty under K.S.A. 19-3423 to ensure that the November 2 general election was conducted according to law, to show that it was properly and fairly conducted, and to defend its integrity and preserve its validity.

12. Mr. Abbott's interest in this matter is independent of the interests of Ms. Towers, Mr. Soptic, Ms. Townsend, Ms. Gonzales, and Mr. Burroughs, which chiefly concern which of the parties received the highest number of votes legally cast per K.S.A. 25-1444.

13. No other party adequately represents the interests of Mr. Abbott in this case.

14. Mr. Abbott denies the allegations of wrongdoing in the Notice of Contest filed by Ms. Towers. Mr. Abbott further denies any errors, mistakes, or irregularities that would change the outcome of the general election. The Notice of Contest fails to "specify with particularity the facts and circumstances in support of the grounds alleged for the contest," as required by K.S.A. 25-1437. The Notice of Contest also lacks facts showing that any of the alleged problems "could change the result of the election." K.S.A. 25-1436(b), (c), (d). The unsupported allegations made by Ms. Towers do not warrant the inspection of all "Elections Materials," as defined

in the Notice of Contest, or a court-ordered recount of the election. Further, Ms. Towers requests that the court order relief that is not authorized in a county election contest, including "immediately" revoking issuance of certificates of election, selecting a three-judge panel to hear the contest, and awarding contestant's attorney fees, as well as prosecution of election crimes and forfeiture of office. *See* K.S.A. 25-1443, 25-1448, 25-1452. If the election is confirmed or the contest is dismissed, as Mr. Abbott anticipates, judgment should be rendered against the contestant for costs. K.S.A. 25-1452.

Mr. Abbott therefore requests leave of the court to intervene in this matter to defend the conduct and integrity of the election and to ensure that the clear intent and purpose of the electorate is upheld.

*s/ SueZanne M. Bishop*
SueZanne M. Bishop, #27454
Jeffrey J. Conway, #24368
Henry E. Couchman Jr., #12842
Unified Government of Wyandotte
County/Kansas City, Kansas
Legal Department
Municipal Office Building
701 N. 7th Street, Ste. 961
Kansas City, Kansas 66101
(913) 573-5060
(913) 573-5243 (facsimile)
Email: zbishop@wycokck.org
jconway@wycokck.org
hcouchman@wycokck.org
*Attorneys for Wyandotte County Election Commissioner, Michael Abbott*

## Certificate of Service

I certify that a copy of this Motion to Intervene filed on was mailed on November 24, 2021 by first-class mail, postage prepaid, to:

Celisha Towers
11216 Delaware Pkwy #4409
Kansas City, Kansas 66109

Gayle Townsend
#7 McGrew Grove
Kansas City, Kansas 66101

Tom Burroughs
3131 S. 73rd Terr.
Kansas City, Kansas 66106

Mary Gonzales
3721 S. Thompson Circle
Kansas City, Kansas 66103

Kirk T. Ridgway, counsel for Daniel Soptic, was served by email at kridgway@fbr2law.com.

*s/ SueZanne M. Bishop*
SueZanne M. Bishop #27454